UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EASTMAN KODAK COMPANY,

        Plaintiff,

v.

THE GOLDMAN SACHS GROUP, INC.,
METRO INTERNATIONAL TRADE
SERVICES LLC, JP MORGAN CHASE &
COMPANY, HENRY BATH LLC, GLENCORE
XSTRATA, PLC, GLENCORE LTD.,
PACORINI METALS USA LLC, PACORINI
METALS AG, and LONDON METAL
EXCHANGE, LTD.,

        Defendants.

---

**ORDER**
14-cv-06429 EAW

Plaintiff Eastman Kodak Company commenced the above-captioned matter on or about July 28, 2014. I was assigned to preside over the matter by the Clerk of the Court. I was previously a partner with The Wolford Law Firm LLP until assuming my current position on December 30, 2013. As a partner with The Wolford Law Firm LLP and up until the time that I assumed my current position, I regularly represented Plaintiff Eastman Kodak Company.

Pursuant to 28 U.S.C. § 455(a), a judge of the United States "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The norm among new appointees to the bench is that two years should pass before the

judge sits in controversies involving former clients. *Sphere Drake Ins. Ltd. v. All Am. Life Ins. Co.*, 307 F.3d 617, 621-22 (7th Cir. 2002).

Given my recent prior representation of Eastman Kodak Company, I believe that my impartiality might reasonably be questioned and, therefore, recusal is required pursuant to 28 U.S.C. § 455(a). Accordingly, I will recuse myself from handling the above-captioned matter and the case shall be referred to the Clerk of the Court for reassignment.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: July 31, 2014
       Rochester, New York